IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LAWRENCE LAROCHE, III; and PARKER LAROCHE,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER CHAPMAN, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 2:19-cv-118 |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion for Disclosure of the Identity of a Purported Informant.  Doc. 27.  For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion.

**BACKGROUND**

In their Complaint, Plaintiffs bring several civil claims under federal and Georgia law. Doc. 1.  Plaintiffs state Defendants entered their home on January 24, 2018, in the middle of the night pursuant to a no-knock warrant.  Doc. 1 at 2.  Plaintiffs contend some Defendants were heavily armed and dressed in SWAT uniforms, while others were dressed in civilian clothing. Id.  Plaintiffs allege Defendants conducted an unlawful search and seizure, a false arrest, and assult and battery against them.  Id. at 6–9.

Plaintiffs state the no-knock search warrant was issued solely due to information provided by a purported informant.  Doc. 27-1 at 1.  Plaintiffs state Defendants have refused to disclose the identity of this informant during depositions.  Doc. 27-1 at 2.  Plaintiffs ask this Court to direct Defendants to disclose the identity of the informant, allow additional time to

retake depositions and supplement their motion for summary judgment, and enter a default judgment if Defendants continue to refuse to disclose the informant's identity. Id. at 3.

## DISCUSSION

### I. Legal Standard

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). This privilege exists in both civil and criminal cases. Suarez v. United States, 582 F.2d 1007, 1011 n.4 (5th Cir. 1978). However, the First Circuit Court of Appeals has held the privilege is more difficult to overcome in civil cases "because the informant's identity is not usually essential to the preparation of a civil case." United States v. One 1986 Chevrolet Van, 927 F.2d 39, 43 (1st Cir. 1991).

When determining whether the privilege applies, the Court must weigh the public interest in protecting the information and the personal safety of the informant against the individual's need for the information. Id.; see United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991). In Gutierrez, the Eleventh Circuit Court of Appeals applied this balancing test in the criminal context. 931 F.2d at 1490. In this case, undercover drug agents and a confidential informant conducted a sting operation where they offered sailboats which could store cocaine to be smuggled into the United States. Id. at 1484–85. The court set forth three factors courts should consider when balancing these interests: (1) "the extent of the informant's participation in the criminal activity," (2) the directness of the relationship between the individual's asserted claim or defense and the probable testimony of the informant, and (3) "the government's interest in nondisclosure." Id. at 1490.

When analyzing the first factor, the court reasoned the nondicosure of the informant's identity required "further consideration" because the informant substantially participated in the criminal activity and was more than a mere tipster.  Id.  However, the court concluded the informant's substantial involvement did not mandate disclosure because the informant was almost always acting under the supervision of a government agent.  Id. at 1490–91.  Regarding the second factor, the court reasoned the party seeking to overcome the privilege bears the burden of showing the informant's testimony would significantly aid their case.  Id. at 1491.  The court stated, "[M]ere conjecture about the possible relevance of [the informant's] testimony is insufficient to compel disclosure."  Id.  (citing United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984)).

**II.    Analysis**

Plaintiffs state the identity of the informant should be dislosed because the affidavit supporting the warrant relies exclusively on information provided by the informant.  Doc. 27-1 at 2.  Plaintiffs appear to assert no informant actually existed because Defendants "ransacked their home prior to obtaining the no knock warrant."  Id.  Plaintiffs argue whether there is an informant and, if there is one, what information he or she imparted to the officers who procured the warrant and the reliability of any such information, along with the informant's credibility, is relevant, helpful, and essential to a fair trial.  Id.  Plaintiffs do not further explain how they intend to use the informant's testimony at trial.

In response, Defendants rely largely on Officer Robinson's deposition.  Defendants state the confidential informant was directed to go to Roger Blauvelt's residence to purchase a handgun and narcotics.  Doc. 37 at 2.  When the informant went to Mr. Blauvelt's residence, he was told instead to get the handgun and narcotics from Chance LaRoche, Lawrence LaRoche's

son.  Id.; Doc. 62-2 at 2.  Officer Robinson and the informant then went to Plaintiffs' residence where Chance LaRoche and the informant completed the transaction.  Id.  After the transaction, officers submitted an application for a no-knock search warrant, which was granted.  Id.

Considering the first factor, the informant bought narcotics and a handgun from Chance LaRoche.  Thus, the informant substantially participated in the criminal activity and was more than a mere tipster.  However, the informant was under the supervision of Officer Robinson according to Defendants because Officer Robinson drove the informant to Plaintiffs' residence.  Doc. 37 at 2.  Under Gutierrez, this factor alone does not mandate disclosure.  931 F.2d at 1490–91.

Regarding the second factor, Plaintiffs have not satisfied their burden of showing the informant's identity and testimony would significantly aid their claim.  Plaintiffs have only made conclusory assertions that the informant's identity and information the informant may have is essential to a fair trial.  Plaintiffs' suggestion an informant may not exist is mere speculation lacking any factual support.  See Dominguez v. Metro. Miami-Dade County, 359 F. Supp. 2d 1323, 1332 (S.D. Fla. 2004), *aff'd*, 167 F. App'x 147 (11th Cir. 2006) ("Plaintiff's only effort to prove that Detective Rutland and Sergeant Martinez fabricated the existence of the CI consists of her unsupported speculation to that effect.").  Further, Plaintiffs do not explain how the informant's testimony will assist, much less significantly further, their case at trial.  Therefore, this factor heavily weighs against discosure.

Analyzing the third factor, Defendants have not explained the government's interest in nondisclosure.  Defendants only argue Plaintiffs have not met their burden of showing the informant's testimony will significantly further their case.  Doc. 37.  However, it is reasonable to assume there is a general government interest in protecting the identity of an informant who

personally participated in criminal activity. The safety of the informant may be at risk if Defendants disclosed this information. This factor weighs against disclosure.

The Court has considered the public interest in protecting the information and the personal safety of the informant against Plaintiffs' need for the information, and the factors that must be considered in balancing these interests. Here, the Court finds the factors weigh against disclosure of the confidential informant's identity, and, therefore, Plaintiffs' Motion should be denied.

## CONCLUSION

Because Plaintiffs have not met their burden of showing the informant's testimony will significantly further their case, the Court **DENIES** their Motion.

**SO ORDERED**, this 5th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA